**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

BARBARA VANZANDT, Individually, and as
Executrix of the Estate of FRANK VANZANDT,
deceased,

                                  Plaintiffs,

            -vs-                                               DECISION AND ORDER
                                                             05-CV-6093 CJS

FISH AND WILDLIFE SERVICE, a Federal
Agency under the United States Department of
the Interior, ELLEN KILEY, and "JOHN DOE," a
fictitious name identifying SEVEN separate, but
otherwise unknown, Individuals,

                                  Defendants.

---

**APPEARANCES**

For plaintiffs:                         Robert J. Burke, Esq.
                                         Burke, Albright, Harter & Reddy, LLP
                                         1800 Hudson Avenue
                                         Rochester, NY 14617
                                         (585) 342-4410

For defendants:                       Terrance P. Flynn
                                         United States Attorney
                                         by: Christopher V. Taffe, A.U.S.A.
                                         United States Attorney's Office
                                         100 State Street, Room 620
                                         Rochester, NY 14614
                                         (585) 263-6760, ext. 2226

**INTRODUCTION**

This is a Federal Tort Claims Act ("FTCA") action in which plaintiffs complain that agents of the Fish and Wildlife Service tortuously injured them, causing money damages. The case is now before the Court on defendants' motion (# 9) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 12(c). For the reasons stated below, the defendants' motion is granted in part, and denied in part.

**BACKGROUND**

From the complaint, the Court assumes the following as true for the purposes of this motion. Plaintiffs Barbara and Frank VanZandt were husband and wife living in a private home in Livingston County, New York. Frank VanZandt has since died. Ellen Kiley ("Kiley"), as an Agent of the Fish and Wildlife Service, was conducting an investigation of a Livingston County shop owner, who was alleged to have been selling Native American remains in violation of 18 U.S.C. § 1170 (Illegal trafficking in Native American human remains and cultural items). As part of her investigation, Kiley visited the VanZandt home on or about June 19, 2002, to view their rare and valuable family collection of items used and accumulated over seven generations. This collection included a large number of rare and valuable Civil War and Native American historical items. During the visit, Kiley offered to purchase some of the items but Frank VanZandt refused to sell them.

On or about June 24, 2002, Kiley obtained a search warrant from then U.S. Magistrate Judge William G. Bauer. She alleged in the warrant application that she had reason to believe that Frank VanZandt was selling Native American remains and cultural items, in violation of 18 U.S.C. § 1170.

On or about June 26, 2002, Kiley and the John Doe defendants, using their authority as Agents of the Fish and Wildlife Service, executed the search warrant at the VanZandt home. The VanZandts[1] allege that defendants negligently and willfully destroyed and converted property, and caused personal injuries to them. Specifically, they allege eleven causes of action as follows:

FIRST COUNT—(Negligence as against all Defendants)—defendants failed to protect the VanZandts and their property in that they negligently, recklessly, and carelessly damaged, destroyed, or removed, with no receipt given, a number of items belonging to the VanZandts.[2]

SECOND COUNT—(Conversion as against all Defendants)—On or about June 26, 2002 the defendants converted to their own use a number of rare and valuable pieces from the family collection.[3]

THIRD COUNT—(Abuse of Process as against Ellen Kiley and the Fish and Wildlife Service)—at the time of the application for the Search Warrant, defendants knew, or should have known, that Frank VanZandt was not guilty of any crimes under 18 U.S.C. § 1170 and that no evidence of any such crimes would be found at the VanZandt home.

FOURTH COUNT—(Conspiracy as against all defendants)—on or about June 24, 2002, defendants conspired together and maliciously and willfully entered into a scheme to apply for and execute a search warrant at the VanZandt home for the purposes of

---

[1] Although Frank VanZandt is dead, his wife is suing on behalf of his estate, in addition to bringing her own claims.

[2] The complaint includes a list of those damaged, destroyed, or removed items, with a reasonable value alleged of $ 54,259.97.

[3] The complaint includes a list of these items with a total value alleged of $50,906.64.

entering the home and converting some rare and valuable pieces from the family collection and thereby depriving the VanZandts of their property.

FIFTH COUNT—(Assault and Battery against all Defendants)—during the four hours of time the VanZandts allege it took for defendants to execute the search warrant, Frank VanZandt, a diabetic, was not permitted to eat and thereby suffered an aggravation of a previous condition, and became sick, sore, lame, and disabled, and remained disabled until the date of his death; suffered, and continued to suffer until the date of his death great physical and mental pain; was obliged to and did expend large sums of money for medical aid and attention; and was informed, and believed, that his injuries were permanent, and valued at $200,000.

SIXTH COUNT—(Violation of Civil Rights as against all defendants)—in executing the Search Warrant, the defendants used excessive force against the VanZandts; unreasonably intimidated them; falsely imprisoned them during the execution of the search warrant; and invaded their privacy, all in violation of 42 U.S.C. § 1983, with damages amounting to $200,000.

SEVENTH COUNT—(Negligence as against all defendants)—in executing the search warrant, defendants breached their duty of care to protect the VanZandts to the fullest extent possible, by failing to allow Frank VanZandt regular access to food, which was medically necessary to maintain his health, with damages amounting to $200,000.

EIGHTH COUNT—(Intentional Infliction of Emotional Distress as all defendants)—during the time it took to execute the Search Warrant, the defendants verbally assaulted and humiliated Frank VanZandt, made Frank VanZandt the object of derisive comments and gestures, and otherwise deliberately and maliciously harassed and

intimidated Frank VanZandt; defendants' conduct was willful, intentional, unwarranted, and caused severe emotional distress to Frank VanZandt, with damages in the amount of $200,000.

NINTH COUNT—(Negligent Infliction of Emotional Distress as against all defendants)—defendants negligently and recklessly and without justification caused severe emotional distress to Frank VanZandt, with damages in the amount of $200,000.

TENTH COUNT—(Wrongful Death as against all defendants)—as a result of defendants' acts, Frank VanZandt suffered an aggravation of a previous condition, which led to his death, with damages of $100,000.

ELEVENTH COUNT—(Derivative claim of Barbara VanZandt as against all defendants)—as a result of the incident described in the complaint, Barbara VanZandt has been deprived of the services, society, affection, and consortium of Frank VanZandt and has been caused to expend large sums of money for his medical care and treatment, and continued to do so up until the time of his death, with damages in the amount of $100,000.

In response to the Government's memorandum of law, plaintiff Barbara VanZandt stated,

> At this time, plaintiff withdraws the Sixth Count (a violation of her civil rights under 42 U.S.C. § 1983) of her Complaint as against all defendants. Likewise, plaintiff wishes to withdraw the Tenth Count (the Wrongful Death of her husband, Frank VanZandt) of her Complaint, as against all defendants.

(Pl.s' Mem. of Law at 2.) In addition, plaintiff Barbara VanZandt also stated,

> Plaintiff consents to the substitution of the United States of America for the Fish and Wildlife Service as a defendant in this action. However, she argues that Ellen Kiley and the "John Doe" defendants are proper defendants. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(Compl. at 2.) In their reply memorandum of law, the Government concedes that

> The plaintiff's analysis of 28 U.S.C. § 2680(h) is correct. The government withdraws that portion of its motion as it pertains to 28 U.S.C. § 2680(h). The defendants withdraw [their] motion to dismiss the Third, Fourth, Fifth and Eighth Counts of the complaint based upon this section.

(Def.'s Reply Mem. of Law at 3.) At oral argument, the Court determined that the First and Second counts should be dismissed pursuant to 28 U.S.C. § 2680(c); that the Third count could go forward under the FTCA, and directed counsel to address the question of whether this count also stated a *Bivens* claim; that the Fifth count could go forward under the FTCA; that the Sixth count was withdrawn; that the Seventh, Eighth and Ninth counts could go forward under FTCA, but did not contain any *Bivens* claims; that the Tenth count was withdrawn; and that the Eleventh count could go forward as a derivative of the Fifth count under the FTCA. Regarding the Third Count, the Court directed the Government to address the question of whether the complaint must refer to the *Bivens* case in order to plead a *Bivens* claim, and/or must plead jurisdiction under *Bivens*. Further, the Court directed plaintiffs to address whether the Fourth Count is precluded under 28 U.S.C. § 2680(c).

## STANDARDS OF LAW
### *Rule 12 Standards*

In considering a motion for dismissal under Rule 12, defendant must show that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See H.J. Inc. v. Northwest Bell Telephone Co.*, 492 U.S. 229, 249 (1989); *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][a] (Matthew Bender 3d ed.). "In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits

or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the nonmoving party. *Id.*; *see also* 2 Moore's Federal Practice, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

The "standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted).

> In a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the defendant may challenge either the legal or factual sufficiency of the plaintiff's assertion of jurisdiction, or both. *See Phoenix Consulting, Inc. v. Republic of Angola,* 342 U.S. App. D.C. 145, 216 F.3d 36, 40 (D.C. Cir. 2000).… If "the defendant challenges only the legal sufficiency of the plaintiff's jurisdictional allegations," *id.*, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff," *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000) (citation omitted). But where evidence relevant to the jurisdictional question is before the court, "the district court . . . may refer to [that] evidence." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

*Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir. 2001) (some citations omitted).

## ANALYSIS

The United States has sovereign immunity. *United States Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). In the FCTA, the United States expressly waived that immunity, but the "waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." *Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). The FTCA states in pertinent part:

> § 2674.  Liability of United States
>
> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674 (1988). The jurisdiction grant extends to these claims in the following language:

> Subject to the provisions of chapter 171 of this title [28 U.S.C. §§ 2671 *et seq*.], the district courts…shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The Government argues in its memorandum of law that the First, Second and Fourth counts of the complaint must be dismissed because under the FTCA Law Enforcement Conduct is exempted. (Def.s' Mem. of Law at 7.) The statute provides that,

> The provisions of this chapter [Chapter 171. Tort Claims Procedure] and section 1346(b) of this title shall not apply to—
>
> (c) Any claim arising in respect of the assessment or collection of any tax or

> customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter [28 U.S.C. §§ 2671 *et seq.*] and section 1346(b) of this title [28 U.S.C. § 1346(b)] apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if—
>
> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.[.]

28 U.S.C. § 2680(c) (2006). Defendants rely on *Adeleke v. United States*, 355 F.3d 144 (2d Cir. 2004). Analyzing Federal Rule of Criminal Procedure 41(g), the Second Circuit held that, "Rule 41(g), which simply provides for the return of seized property, does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." *Adeleke*, 355 F.3d at 151. Plaintiffs counter that not only is this not a claim under Criminal Rule 41, but that they are "not seeking return of items inventoried with the clerk, but rather items improperly taken as not encompassed within the parameters of the search warrant." (Pl.s' Mem. of Law at 4.) The Court concludes defendants' reliance on *Adeleke* does not support their argument that, in this case, the § 2680(c) exemption precludes plaintiffs' lawsuit for items alleged to have been seized outside the authority of the search warrant.

However, in their reply memorandum, defendants cite two additional cases in support of their contention that the limitation under § 2680(c) applies here: *U.S. v. Bein*, 214 F.3d 408 (3d Cir. 2000); and *Simoiu v. U.S. Marshals Service*, No. 00 Civ. 7133(DAB), 2005 WL 646099 (S.D.N.Y. Mar. 18, 2005). *Bein* decided whether Federal Rule of Criminal Procedure 41(b) allowed money damages for lost property seized by any law enforcement officer. In its discussion, the Third Circuit clearly indicates that to allow money damages under Rule 41(b) would circumvent the limitation on money damages in an identical situation under the FTCA. *See Bein*, 214 F.3d at 415-16. In *Simoiu*, the Southern District of New York determined that § 2680(c) applied to the situation there, where the plaintiff accused the U.S. Marshals Service of negligently handling or storing detained property. Accordingly, the district court found it was without subject matter jurisdiction. *Simoiu*, 2005 WL 646099 at *3.

The limitation in § 2680(c) is broad. To paraphrase its essential parts as applicable here, it states that the Court is without subject matter jurisdiction for "[a]ny claim arising in respect of …the detention of any goods, merchandise, or other property by any … law enforcement officer," unless the property was seized for the purpose of forfeiture, and was not forfeited and the claimant was not convicted of a criminal offense that would authorize forfeiture of the seized property.

The complaint in this case alleges that defendants "negligently, recklessly, and carelessly damaged, destroyed, or removed, with no receipt given, a number of items belonging to the VanZandts." (Compl. ¶ 18.) Among the items taken were a digital camera, Civil War letters, a dining table, a shotgun, Civil War photographs, player piano rolls, and

a Gone with the Wind[4] lamp. (*See* Compl. Ex.) Essentially, plaintiffs accuse defendants of stealing property, having used the search warrant to gain lawful access, by taking items having nothing to do with the subject of their search warrant. Although the items taken do not all appear to be related to trafficking in Native American artifacts, the Court finds that the exemption in § 2680(c) relating to "any goods, merchandise or other property," applies here to divest the Court of subject matter jurisdiction over allegations of theft by Government agents. In that regard, the complaint, as plead, does not allege facts that would support an exception to the exemption, that is, that the property was taken for the purpose of forfeiture and was not forfeited. 28 U.S.C. § 2680(c)(1)–(4). Therefore, the Court grants defendants' motion to dismiss the First, Second and Fourth counts of the complaint on the basis that the Court is without jurisdiction to consider them.

In their motion to dismiss, defendants also cite to the FTCA's limitation[5] on damage amounts, 28 U.S.C. § 2675(b), and argue that plaintiffs' prayer for $1,206,979.89 in total damages far exceeds the $408,519.58 total in damages presented in their administrative claim. Plaintiffs respond, however, that,

> To clarify, plaintiffs claims their damages as follows:
>
> 1. $54,257.97, which is to account for all of the damages sustained by both Frank and Barbara VanZandt in the First, Second, Third, and Fourth Counts;
>
> 2. $200,000, which is to account for all of the damages sustained by Frank VanZandt

---

[4]Evidently, a Victorian oil, or electrified oil, painted lamp and shade. *See, e.g.*, Patricia Whitechurch, Victorian Reflections, at http://www.victorianreflections.com/G_W_W.htm (last accessed Jan. 17, 2007).

[5]" Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency…." 28 U.S.C. § 2675(b).

in the Fifth, Seventh, Eighth and Ninth Counts; and

3. $100,000, which is to account for all of the derivative damages sustained by Barbara VanZandt in the Eleventh Count.

(Pl.s' Mem. of Law at 6.) Thus, plaintiffs' total damages claimed amount to $354,257.97. The administrative claim was $408,519.58. (Defs.' Mem. of Law at 9.) The difference between the two totals, $299,996.36, is not explained, but since the amount in the complaint does not exceed the amount in the administrative claim, the limitation of 28 U.S.C. § 2675(b) does not bar recovery here. Further, the amount sought in the lawsuit will probably decrease as a result of the Court's dismissal of the First, Second and Fourth counts.

Defendants also move to dismiss the Eleventh count. (Def.s' Mem. of Law at 13.) They argue that, "the Tenth[6] and Eleventh Counts allege a wrongful death action and a derivative action based upon the wrongful death allegation. These two counts must be dismissed because the wrongful death claim was not first presented to the FWS[7]." (*Id*.) Plaintiffs do not address this argument in their memorandum in opposition. If, indeed, the Eleventh Count is characterized as a wrongful death action, then that claim has not been presented to FWS (*see* Def.s' Mot. to Dismiss, Ex. B), and cannot be brought here. 28 U.S.C. § 2675(a). However, defendants characterized it as, "the derivative claim of the plaintiff against all defendants." (Def.s' Mem. of Law at 3.) The Eleventh Count of the complaint reads, in part, as follows:

---

[6]Plaintiffs voluntarily withdrew the Tenth Count. (Pl.s' Mem. of Law at 2.)

[7]Fish & Wildlife Service.

> 91. As a result of the incident described in this Complaint, Plaintiff has been deprived of the services, society, affection, and consortium of Frank VanZandt and has been caused to expend large sums of money for his medical care and treatment, and continued to do so up until the time of his death.
>
> 92. As a result of the aforementioned, the Plaintiff, Barbara VanZandt was damaged in the amount of $100,000.00

(Compl. ¶¶ 91-92.) At the time of the administrative claim, Frank VanZandt was still alive, and the allegations in support of the Eleventh Count appear to the Court to refer only to plaintiff Barbara VanZandt's loss of consortium, *etc.*, and medical expenses incurred as a result of physical injury to her husband. Consequently, the Court is not persuaded that the claim is precluded and it may go forward.

Turning now to the parties' post-argument submissions as to the Fourth Count, plaintiffs contend that 28 U.S.C. § 2680(c)

> appears to be a general statement related to goods or property as opposed to injury to person, whereas subsection (h)[8] specifically relates to certain tort theories, including abuse of process. There is nothing in that section that limits the abuse of process claim to personal injury, or that restricts its application to the improper taking of personal property. Abuse of process and conspiracy are torts that result in damage (see 28 U.S.C. § 2679).

(Robert J. Burke, Esq., Letter to the Court (Jan. 29, 2007), at 1.) The Fourth Count alleges a conspiracy among all the defendants to deprive the VanZandts of their property. The Court sees no distinction between the Fourth Count and the First and Second Counts with regard to the application of § 2680(c), and, thus, dismisses the Fourth Count.

With regard to whether the Third Count states a *Bivens* claim, plaintiffs assert that the allegations in paragraphs 28-30, 34-35, and 76-78 "are sufficient for this Court to find

---

[8] The Government has already withdrawn its argument based on § 2680(h).

that the Complaint stated such a claim against the individual defendants." In contrast, defendants argue that the failure to allege a basis for jurisdiction, including a claim that sovereign immunity has been waived, is fatal. A case in the Second Circuit supports plaintiffs' position. In *Friedlander v. Cimino,* 520 F.2d 318 (2d Cir. 1975), the Court of Appeals wrote:

> Rule 8(a)(1) requires that a plaintiff plead his basis for federal jurisdiction. That requirement, however, is met by the plaintiff's alleging a set of facts which show that the defendant has violated his constitutionally guaranteed equal protection rights. [FN6] Furthermore, F.R.C.P. 8(f) instructs the courts to construe pleadings so as to do substantial justice.
>
> FN6. Jurisdiction in the instant case was alleged under 28 U.S.C. § 1343. It is also sustainable under 28 U.S.C. § 1331(a), the complaint having alleged damages in excess of $10,000.[9]

*Friedlander*, 520 F.2d at 320 & n.6 (citations omitted). Reviewing the allegations in the complaint, the Court finds that such allegations factually support jurisdiction under 28 U.S.C. § 1331. Therefore, even though the complaint does not specifically mention the *Bivens* case, or cite to § 1331, the Court determines, based on *Friedlander*, that the complaint is sufficient here to allege a *Bivens* cause of action in the Third Count. The Court

---

[9] Prior to its amendment in December 1980, 28 U.S.C. § 1331 read as follows:
§ 1331. Federal question; amount in controversy; costs
"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $ 10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States, except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.
"(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff is finally adjudged to be entitled to recover less than the sum or value of $ 10,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interests and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff."

previously determined that the Seventh, Eighth and Ninth Counts specifically did not state any claims under *Bivens*.

## CONCLUSION

Defendants' motion (# 9) to dismiss is granted in part, and denied in part. The First, Second and Fourth Counts are dismissed pursuant to 28 U.S.C. § 2680(c). The Third Count may go forward on both the FTCA and *Bivens*. The Fifth Count may go forward under the FTCA. The Sixth Count is dismissed. The Seventh, Eighth and Ninth Counts may go forward under the FTCA , but not on a *Bivens* theory. The Tenth Count is dismissed, and the Eleventh Count may go forward as a derivative of the Fifth Count.

SO ORDERED.

Dated: February 28, 2007
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge